UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **WLP CAPITAL INC., ET AL.** | **CIVIL ACTION NO. 5:19-CV-01003** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **BILLY JOE TOLLIVER** | **MAG. JUDGE KAREN L. HAYES** |

RULING

Pending here is a Motion for Judgment on the Pleadings, or, Alternatively, Summary Judgment filed by Plaintiffs WLP Capital Inc., Transfac, LLC, and Bridge Capital Partners, Inc.'s (collectively, "WLP Capital") [Doc. No. 11]. Also pending is Defendant Billy Joe Tolliver's ("Tolliver") Motion to Stay Enforcement of Foreign Judgment. [Doc. No. 13]. For the following reasons, the Court GRANTS WLP Capital's motion and DENIES Tolliver's motion.

**I.     FACTS**

On August 1, 2019, WLP Capital filed a Complaint and Ex Parte Petition to Make Foreign Judgment Executory against Tolliver. [Doc. No. 1]. WLP Capital alleges that, on May 14, 2019, the District Court for the Third District Court for Salt Lake County entered a Judgment against Ashtin Transport LLC; David Austin Tolliver; and Billy Joe Tolliver in the total amount of One Million Three Hundred Thirteen Thousand Eleven 75/100 Dollars ($1,313,011.75) (hereinafter "the Utah Judgment"). [*Id.*, at p. 3]. WLP Capital seeks to have the Utah Judgment made executory in this Court pursuant to the Louisiana Enforcement of Foreign Judgments Act ("LEFJA"), La. R.S. § 13:4241, et seq. [*Id.*, at p. 4]. WLP Capital further seeks to recover from Tolliver such additional costs and reasonable attorneys' fees as are incurred for filing,

domesticating, and enforcing the Utah Judgment by and through the filing of this action, pursuant to La. R.S. § 13:4245, and as otherwise provided by law or contract herein. [*Id*., at p. 5]

On September 3, 2019, Tolliver filed an Answer in which he asserts two affirmative defenses. [Doc. No. 5]. First, he asserted that this lawsuit is premature and procedurally improper because the Utah Judgment is currently the subject of an appeal. [*Id*., at p. 2]

Secondly, he asserted that the Utah state court purportedly obtained personal jurisdiction over him pursuant to a personal guaranty that he signed. He alleges, however, that his "signature" was a forgery, and, therefore, the Utah state court had no personal jurisdiction over him. Thus, it would be a violation of due process, a violation of traditional notions of fair play and substantial justice, and a violation of fundamental fairness and equity to have the Utah Judgment court judgment enforced against him. [*Id*., at pp. 4,5]

On March 2, 2020, WLP Capital filed the pending Motion for Judgment on the Pleadings, or, Alternatively, Summary Judgment [Doc. No. 11]. On March 14, 2020, Tolliver responded with a Memorandum in Opposition and his Motion to Stay Enforcement of Foreign Judgment [Doc. No. 13]. On March 23, 2020, WLP Capital filed a reply [Doc. No. 15].

The issues are fully briefed, and the Court is prepared to rule.

II. **LAW AND ANALYSIS**

    A. **Judgment on the Pleadings Standard**

Under Federal Rule of Civil Procedure 12(c), any party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." FED. R. CIV. P. 12(c). "A motion brought pursuant to Fed. R. Civ. P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co., Inc. v.*

2

*Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990). Motions for judgment on the pleadings are "subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 209 (5th Cir. 2009). Thus, usually, the inquiry on a 12(c) motion "focuses on the allegations in the pleadings and not on whether the plaintiff actually has sufficient evidence to succeed on the merits." *Id*. (additional quotations and citation omitted). When ruling on a 12(c) motion requires a court to look outside the pleadings, the motion is converted to one for summary judgment. See FED. R. CIV. P. 12(d).

B. **Summary Judgment Standard**

Under Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992); *see also* Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact cannot be . . . disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache*

3

*Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. However, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citing *Anderson*, 477 U.S. at 248.)

### C. Analysis

#### 1. WLP Capital's Motion for Judgment on the Pleadings, or, Alternatively, Summary Judgment

This Court, sitting in diversity, must apply Louisiana law in considering WLP Capital's motion for judgment on the pleadings, or alternatively, summary judgment. *See F&M Mafco, Inc. v. Ocean Marine Contractors, LLC*, No. CV 18-5621, 2019 WL 142297, at *3 (E.D. La. Jan. 9, 2019). WLP Capital seeks to enforce the Utah Judgment pursuant to the LEFJA, which provides, in pertinent part:

> A copy of any foreign judgment authenticated in accordance with an act of congress or the statutes of this state may be annexed to and filed with an *ex parte* petition complying with Code of Civil Procedure Article 891 and praying that the judgment be made executory in a court of this state. The foreign judgment shall be treated in the same manner as a judgment of a court of this state. It shall have the same effect and be subject to the same procedures, and defenses, for reopening, vacating, or staying as a judgment of a court of this state and may be enforced in the same manner.

La. R.S. § 13:4242.

The LEFJA provides a procedure for giving notice of the filing of the petition and foreign judgment:

> A. At the time of the filing of the petition and foreign judgment, the judgment creditor shall file with the court an affidavit setting forth

> the name and last known address of the judgment debtor and the judgment creditor.
>
> B. Promptly upon the filing of the petition, the foreign judgment, and the affidavit, the clerk shall send a notice by certified mail to the judgment debtor at the address given and shall make a note of the mailing in the record. The notice shall include the name and address of the judgment creditor and his attorney, if any. In addition, the judgment creditor may mail a notice of the filing to the judgment debtor and may file proof of mailing with the clerk. Failure to mail notice of filing by the clerk shall not affect the enforcement proceedings if proof of mailing by the judgment creditor has been filed.
>
> C. No execution or other process for enforcement of a foreign judgment filed hereunder shall issue until thirty days after the mailing of the notice of the filing of the foreign judgment.

La. R.S. § 13:4243.

In this action, WLP Capital complied with the requirements imposed by La. R.S. § 13:4243(A) by filing the Complaint, and with it, a properly authenticated copy of the Utah Judgment and an affidavit setting forth the name and last known address of Tolliver and the judgment creditors. [See Doc. Nos. 1–1, 1-3.] WLP Capital complied with La. R.S. § 13:4243(B) by mailing a copy of notice to Tolliver on August 7, 2019 and then filing proof of the mailing with the Court. [See Doc. Nos. 2–4.] WLP Capital complied with subsection (C) by waiting more than thirty days from notice of filing of the Utah Judgment before seeking to enforce the same.

By fulfilling the requirements of La. R.S. § 13:4243, WLP Capital is entitled to enforcement of the Utah Judgment, unless Tolliver proves via contradictory motion that he is entitled to a stay of execution for one of the two reasons enumerated in La. R.S. § 13:4244. *See F&M Mafco, Inc. v. Ocean Marine Contractors, LLC*, No. CV 18-5621, 2019 WL 142297, at *4 (E.D. La. Jan. 9, 2019) (Feldman, J.). Regarding the defenses available to a judgment debtor, La. R. S. § 13:4244 provides:

> A. If the judgment debtor proves on contradictory motion that an appeal from the foreign judgment is pending or will be taken, or that a stay of execution has been granted, the court shall stay enforcement of the foreign judgment until the appeal is concluded, the time for appeal expires, or the stay of execution expires or is vacated, upon proof that the judgment debtor has furnished the security for the satisfaction of the judgment required by the state in which it was rendered.
>
> B. If the judgment debtor proves on contradictory motion any ground upon which the execution of a judgment of a court of this state would be stayed, the court shall stay enforcement of the foreign judgment upon requiring security for satisfaction of the judgment as is required in this state.

La. R.S. § 13:4244.

Accordingly, the LEFJA's provisions read together allow a judgment debtor a 30-day period from the mailing of the notice of the filing of a foreign judgment within which to file a contradictory motion raising one of two defenses: (a) (i) appeal of the foreign judgment has or will be taken or (ii) a stay of execution has been granted, or (b) "the execution of a judgment of a court of this state would be stayed." *See* La. R.S. §§ 13:4243(C) & 13:4244; *see also Ellis v. Prof'l Mgmt. Providers, Inc.*, 2004-1507 (La. App. 1 Cir. 7/27/05), 923 So. 2d 1, 7. If the judgment debtor fails to raise one of these defenses by contradictory motion within the 30-day period referenced in La. R.S. § 13:4243(C), then the foreign judgment should be made executory. *See Ellis*, 923 So. 2d at 7.

Here, the 30-day period within which a contradictory motion may be filed elapsed before Tolliver filed his Motion for Stay. As a result, Louisiana courts—and federal courts sitting in diversity within Louisiana—are required to make the Utah Judgment executory within this jurisdiction. *See Winston v. Millaud,* 2005-0338 (La. App. 4 Cir. 4/12/06), 930 So.2d 144, 151; *see also F&M Mafco, Inc.,* at *4.

6

Therefore, for this reason alone, the Court finds that WLP Capital is entitled to Judgment on the Pleadings.[1]

Additionally, even if the Court were to consider the merits of the affirmative defenses asserted by Tolliver, the Court would rule in favor of WLP Capital for the following reasons.

### a. Defense of Utah appeal

The first affirmative defense asserted by Tolliver is that this lawsuit is premature and procedurally improper, because the Utah Judgment is currently the subject of an appeal. [Doc. No. 5].

However, on March 25, 2020, WLP Capital filed into the record an Order of Summary Dismissal issued by the Utah Court of Appeals showing that Tolliver's appeal has been dismissed. [Doc. No. 17]. Therefore, this defense has no merit.

### b. Defense of lack of personal jurisdiction by Utah Court

Secondly, Tolliver asserted that the Utah state court purportedly obtained personal jurisdiction over him pursuant to a personal guaranty that he signed. He alleges, however, that his

---

[1] Tolliver argues that because WLP Capital attached the Declaration of Christopher M. Von Maack ("Declaration") [Doc. 11-3] to its Motion, a motion for judgment on the pleadings is moot and improper, and the court may consider the Motion only as one for summary judgment. This is incorrect for two reasons. First, it is within the Court's discretion as to whether the Motion should be converted from a motion for judgment on the pleadings to a motion for summary judgment. *Kie v. Williams*, No. CV 15-2304, 2016 WL 4705576, at *2 (W.D. La. Sept. 9, 2016) Second, the Declaration is merely an attestation as to which public records WLP Capital has requested the Court give judicial notice. The Court may properly choose to reject the Declaration from consideration and take judicial notice of its exhibits, which are public documents entered into the record in the Utah Action. Matters that are subject to judicial notice do not trigger conversion. The general rule in the Fifth Circuit is that public records may be properly considered for the purpose of determining their contents. *See Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996) (setting forth rule for taking judicial notice of SEC filings). Alternatively, however, the Court would nevertheless render summary judgment to the same effect. *See, e.g., F&M Mafco, Inc. v. Ocean Marine Contractors, LLC*, No. CV 18-5621, 2019 WL 142297, at *3 (E.D. La. Jan. 9, 2019) (granting plaintiff's motion for summary judgment, seeking enforcement of an Ohio judgment pursuant to LEFJA and denying defendants' motion to stay enforcement).

"signature" was a forgery, and, therefore, the Utah state court had no personal jurisdiction over him.

WLP Capital responds that Tolliver is asking that this Court deny the Utah Judgment full faith and credit and instead act as a super-appeals court over the State of Utah.

Utah law controls whether the Utah Court had personal jurisdiction at the time it rendered judgment, *Winston*, 930 So. 2d at 150-51, and there is a presumption that the Utah Court properly exercised its jurisdiction when it entered the Final Judgment. *See Holiday Hospitality Franchising, Inc. v. Grant*, 30,035 (La. App. 2 Cir. 05/08/02); 817 So. 2d 449, 452 ("There is a presumption the judgment of the sister state is valid and the burden of showing the judgment is invalid for lack of jurisdiction rests with the party attacking the judgment."). Here, the Utah Court considered and rejected Tolliver's jurisdictional arguments. [*See* Ruling and Order Denying Defendants' Motions to Vacate Default Judgment, Doc. No. 11-10].

In *WellTech, Inc. v. Abadie*, the Louisiana Fifth Circuit adopted this statement summary of the relevant jurisprudence:

> The substantive defenses available in an action to enforce a foreign judgment include a lack of personal or subject matter jurisdiction of the rendering court, extrinsic fraud in the procurement of the judgment, satisfaction, lack of due process, or other grounds that make a judgment invalid or unenforceable. However, the nature, amount, or other merits of the judgment may not be relitigated in the state in which enforcement is sought.

95-620 (La. App. 5 Cir. 1/17/96), 666 So. 2d 1234, 1236 (quoting *State of Ohio v. Kline*, 587 So.2d 766 (La. App. 2 Cir.1991)).

In affirming the trial court's enforcement of a foreign judgment, the Louisiana Fifth Circuit considered and rejected the judgment debtor's two arguments as to why a Texas court's judgment should not be made executory in Louisiana. *Id*. First, the judgment debtor argued that the Texas

judgment was obtained through fraud by the use of perjured testimony and that perjury was so widespread in the Texas proceeding his due process was violated. *Id*. Second, the judgment debtor argued his counsel in the Texas proceeding suffered from a conflict of interest so severe he was deprived of a fair trial. *Id*. The court reasoned that, even if it was true that the Texas judgment was obtained through perjured testimony, this constituted "intrinsic" fraud which could not be used to prevent enforcement of the Texas judgment in Louisiana. *Id*. Likewise, a conflict of interest on the part of counsel would not constitute extrinsic fraud. *Id*. Thus, the court held that "claims of perjured testimony and attorney conflict are allegations which go to the merits and defenses of claims raised in the Texas proceedings, and are not examples of 'extrinsic fraud' which would warrant denial of the execution of the Texas judgment." *Id*.

Additionally, the Louisiana Fifth Circuit rejected the judgment debtor's assertion that his allegations of "fraudulent acts or ill practices" were sufficient to entitle him to a stay of enforcement of the Texas judgment under La. R.S. 13:4244(B). *Id*. at 1237 ("To allow [the judgment debtor] to litigate the issues of witness credibility and bias in another forum, which are intrinsically related to the Texas trial and resultant judgment, and to refuse to enforce the Texas judgment on those grounds, would be in direct conflict with the Full Faith and Credit Clause of the United States Constitution and other authorities, cited supra.").

Here, Tolliver's arguments are no different than those of the unsuccessful judgment debtor in *Abadie*. He argues his signature was forged, an allegation, even if true, that would constitute intrinsic fraud. Thus, this Court cannot relitigate the validity of the guaranty agreement that was the basis for the Utah Judgment without violating Article IV, Section 1 of the United States Constitution. *See id*.

By that same rationale, Tolliver cannot ask this Court to relitigate his arguments as to personal or subject matter jurisdiction, which the Utah court likewise denied. The Utah trial court rejected Tolliver's arguments as to personal jurisdiction, holding he "admitted subject matter and personal jurisdiction and venue." [*See* Ruling and Order Denying Defendants' Motions to Vacate Default Judgment, Doc. No. 11-10, at p. 7].

For these reasons, the Court finds that WLP Capital is entitled to judgment on the pleadings making executory the Utah Judgment. The Court further finds that, alternatively, WLP Capital is entitled to summary judgment to the same effect.

### D. Tolliver's Motion to Stay

As indicated above, Tolliver filed his Motion to Stay on March 14, 2020, well beyond the 30-day period set forth in the statute. The LEFJA allows a judgment debtor to stay enforcement of a foreign judgment by filing a contradictory motion within 30 days of the judgment creditor's filing of the notice of the petition (complaint) and foreign judgment. *See Ellis,* 923 So. 2d at 7.

Tolliver failed to do this, so the Utah Judgment must be made executory. *Id*. Even if Tolliver had filed a timely contradictory motion, however, he did not meet the requirements of a stay for La. R.S. §§ 13:4244(A) or 4244(B).

Assuming arguendo Tolliver had filed a valid appeal, the filing of an appeal without adequate security or bond would be insufficient to warrant a stay under the plain language of LEFJA. Tolliver argues that he is entitled to a stay under La. R.S. § 13:4244(A); however, his argument omits the critical requirement of security:

> If the judgment debtor proves on contradictory motion that an appeal from the foreign judgment is pending or will be taken, or that a stay of execution has been granted, the court shall stay enforcement of the foreign judgment until the appeal is concluded, the time for appeal expires, or the stay of execution expires or is vacated, *upon proof that the judgment debtor has furnished the security for the*

> *satisfaction of the judgment required by the state in which it was rendered*.

La. R.S. § 13:4244(A) (emphasis added).

Although Tolliver filed an untimely appeal in Utah, which has now been dismissed, he failed to furnish security for the satisfaction of the judgment, as is required under Utah law. As is the case with the Federal Rules of Civil Procedure, Utah law requires a supersedeas bond to stay enforcement of a judgment pending appeal. *Compare* FED. R. CIV. P. 62(d), with UTAH R. CIV. P. 62(d), which provides:

> When an appeal is taken, the appellant by giving a supersedeas bond may obtain a stay, unless such a stay is otherwise prohibited by law or these rules. The bond may be given at or after the time of filing the notice of appeal. The stay is effective when the supersedeas bond is approved by the court.

UTAH R. CIV. P.62(d). Tolliver has not produced any evidence that he has given a supersedeas bond in the Utah Action. He is therefore not entitled to a stay under La. R. S. § 4244(A).

Tolliver protests it is unfair that the Utah Judgment be enforced against him. However, even if he had timely raised this argument by contradictory motion and even if he had filed a bond with his appeal in Utah, the Utah appellate court has now dismissed his appeal. The LEFJA explicitly provides a mechanism for staying enforcement of a foreign judgment under La. R.S. § 13:4244(A). The LEFJA allows enforcement in this jurisdiction to be stayed upon timely filing of a contradictory motion and obtaining a stay of enforcement in the judgment jurisdiction. Tolliver has not done or attempted to do this, so the Utah Judgment should be made executory in Louisiana.

### III. CONCLUSION

For the reasons set forth above, WLP Capital's Motion for Judgment on the Pleadings, or, Alternatively, Summary Judgment [Doc. No. 11] is GRANTED, and the Utah judgment is made

executory in this Court. Additionally, Tolliver's Motion to Stay Enforcement of Foreign Judgment. [Doc. No. 13] is DENIED.

WLP Capital's claims for additional costs and reasonable attorneys' fees as are incurred for filing, domesticating, and enforcing the Utah Judgment remain pending.

MONROE, LOUISIANA, this 4th day of May, 2020.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE